UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61352-CIV-COHN/SELTZER

DOROTHY MONTAQUE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Petition for Attorney Fees (DE 19) and was referred to United States Magistrate Judge Barry S. Seltzer pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.

## PROCEDURAL BACKGROUND

On September 24, 2007, Plaintiff Dorothy Montaque filed a Complaint (DE 1) seeking review of the final decision of the Commissioner denying benefits under the Social Security Act, 42 U.S.C. § 405(g). Following the filing of the Commissioner's Answer to the Complaint (DE 9), Plaintiff filed a Motion for Summary Judgment (DE 12). Thereafter, the Commissioner filed a Motion for Remand (DE 17). On March 19, 2008, the District Court remanded the case to the Commissioner for further administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g) (DE 18). And on June 17, 2008, Plaintiff timely filed the instant Petition for Attorney Fees (DE 19) and Memorandum in Support (DE 17-2), together with an itemization of counsel's hours expended in this

litigation (DE 19-1 and 2). The Commissioner has responded thereto and does not object to the amount of fees requested (DE 21).

## PETITION FOR ATTORNEY'S FEES

Plaintiff seeks attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, the Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust."[1]  28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

The Court is empowered to grant "reasonable fees and expenses of attorneys" under the EAJA. 28 U.S.C. § 2412(b). Plaintiff's counsel expended a total of 21.35 hours[2] at an hourly rate of $166.46 for 2007 and at an hourly rate of $172.47 for 2008. Under § 412(b), attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . [such] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings

---

[1] The Commissioner bears the burden of demonstrating that the denial of benefits was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003); Damon v. Astrue, No. 06-C V-4112, 2008 WL 544826, at *1 (W.D. Ark. Feb. 26, 2008); Jenkins v. Astrue, No. 02:06cv388, 2008 WL 410575, at *1 (N.D. Ind. Feb. 12, 2008). The Commissioner has not challenged Plaintiff's fee application on this basis.

[2] Attorney Adam Scott Neidenberg expended 4.05 hours, attorney Chantal J. Harrington expended 15.3 hours, and attorney Sarah H. Bohr expended 2 hours.

involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  Plaintiff has requested an hourly rate in excess of $125 based on the increased cost of living, calculated using the Consumer Price Index for urban consumers.[3]  The Commissioner has not objected to the hourly rates sought, and the undersigned finds that a cost of living increase is warranted. See Allio v. Astrue, No. CIC-051361 LKK GGH, 2008 WL 410607, at *2 (E.D. Cal. Feb. 12, 2008) (awarding EAJA fees at $160 hourly rate for services performed in 2006 and $162 hourly rate for services performed in 2007 based on cost of living increase; rate increases calculated using the Consumer Price Index); Mangum v. Comm'r of Social Security, No. 6:07-cv-1224-Orl-18KRS, 2008 WL 58957, at *1 (M.D. Fla. Jan. 3, 2008) (awarding EAJA attorney's fees at $167 hourly rate for services performed in 2007, based on cost-of-living increase as measured by the Consumer Price Index);  see also Meyer v. Sullivan, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (noting that application of cost-of-living adjustment is "next to automatic").

The undersigned finds that the number of hours requested is reasonable and that the hourly rates are well-supported by law.  Multiplying the number of hours by the hourly rates for each year results in total attorney's fees of $3,663.31.  See Petition, ¶ 6 (DE 19) (calculation of fee amount).

Plaintiff requests that the fee award be paid directly to his attorney.  The Eleventh Circuit, however, has recently held that attorney's fees awarded under the EAJA are properly awarded to the plaintiff, not to the plaintiff's attorney.  Reeves v. Astrue 526 F.3d

---

[3] For a calculation of the hourly rates sought, see Memorandum of Law in Support of Plaintiff's Petition for Attorney Fees at 4-5 (DE 19-4).

732 (11th Cir. 2008).  Accordingly, the attorneys' fees sought should be paid to Plaintiff.

RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that the District Court GRANT Plaintiff's Petition for Attorney Fees (DE 19) and award fees of $3,663.31 to Plaintiff.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of August 2008.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record